UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ADAM FAHLUND,

                                        Plaintiff,                              Civ. No.:

                -against-
                                                                                **COMPLAINT**

NASSAU COUNTY, THE NASSAU COUNTY                                                 Jury Trial Demanded
DISTRICT ATTORNEY'S OFFICE, THE NASSAU
COUNTY POLICE DEPARTMENT, THE ROCKVILLE
CENTER POLICE DEPARTMENT, THE ELMONT
POLICE DEPARTMENT, POLICE OFFICER JASON C.
VINBERG, SERGEANT KATHLEEN A. VEDDER,
SERGEANT ROBERT CONKLIN, POLICE OFFICER
SCIBIO, DETECTIVE MENZIES, and POLICE OFFICER
JOHN DOE NUMBERS 1-10, Unknown And Intended To
Be Named Later Nassau County Police Officers Involved In
The Occurrences Herein, Individually And In Their Respective
Capacities As Members Of The Nassau County Police
Department,

                                        Defendants.

------------------------------------------------------------------------x

        Plaintiff ADAM FAHLUND, by his attorneys, RAISER & KENNIFF, P.C., for his

complaint alleges as follows:

### NATURE OF THE ACTION

        1.      This is a civil rights action in which the Plaintiff ADAM FAHLUND seeks relief

for Defendants' violation, under color of state law, of his rights, privileges, and immunities

secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the

State of New York, beginning on or about March 9, 2014, and continuing through February 5,

2015 (when the false charges against him were dropped), and up until the present time as well,

because Plaintiff continues to be unconstitutionally harassed.

2.      Defendants, NASSAU COUNTY, THE NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, THE NASSAU COUNTY POLICE DEPARTMENT, THE ROCKVILLE CENTER POLICE DEPARTMENT, THE ELMONT POLICE DEPARTMENT, POLICE OFFICER JASON C. VINBERG, SERGEANT KATHLEEN A. VEDDER, SERGEANT ROBERT CONKLIN, POLICE OFFICER SCIBIO and DETECTIVE MENZIES and POLICE OFFICER JOHN DOES NUMBERS 1-10, individually and in their official capacities, jointly and severally, did cause Plaintiff to be subject to, *inter alia*, a deprivation of his constitutional rights to be free from false arrest, false imprisonment, and malicious prosecution causing him financial and serious physical and mental injury.

3.      On March 9, 2014, at approximately 10:00 p.m., Plaintiff was searched unconstitutionally by police and found to be in possession of several credit cards not in his name. The police placed Plaintiff in custody with handcuffs and took the credit cards at that time while they searched Plaintiff's vehicle for approximately thirty minutes.  Thereafter, on March 17, 2015, the same police officers, based on their unlawful search of Plaintiff on March 9, 2015, obtained a supporting deposition from the alleged owner of two of the credit cards (which they had unlawfully obtained from Plaintiff), and with the intent to charge plaintiff with having unlawful possession of the cards, arrested Plaintiff at his place of work.  When Plaintiff was arrested on March 17, 2014, by Nassau County Police Officers, he was unlawfully charged by such officers including but not limited to, POLICE OFFICER JASON C. VINBERG, SERGEANT KATHLEEN A. VEDDER, SERGEANT ROBERT CONKLIN, POLICE OFFICER SCIBIO, and DETECTIVE MENZIES (the "Officers"), with violating New York Penal Law § 165.45(2) (Criminal Possession of Stolen Property).

4.    The felony complaint and/or accusatory instruments in the criminal matter falsely alleged that on or about March 9, 2014, at about 10:40 p.m., Plaintiff was knowingly in possession of stolen property with the intent to benefit himself or a person other than the owner thereof.

5.    Subsequently, after about eleven months, all charges against Plaintiff were dismissed on or about February 5, 2015.  Since that time, however, Plaintiff has continued to be harassed by Nassau County officers, including by being stopped without probable cause, unconstitutionally searched, and threatened with arrest on or about October 30, 2015, November 25, 2015, and December 18, 2015.

6.    Plaintiff was deprived of his constitutional and civil rights, including but not limited to, the right to be free from negligence, false arrest, false imprisonment, and malicious prosecution, resulting in the deprivation of his constitutional rights.

**JURISDICTION**

7.    This action is brought pursuant to 42 U.S.C. § § 1983, 1985, 1986, 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

**VENUE**

8.    Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c) and § 1402 (b) because the claims arose in this district and Plaintiff resides in this district.

## COMPLIANCE WITH GENERAL MUNICIPAL LAW

9.      Prior hereto, on May 5, 2015, Plaintiff filed a Notice of Claim in compliance with General Municipal Law Section 50 et seq. and CPLR 215, as against each municipal Defendant.

10.     A 50-h pre-action hearing, pursuant to General Municipal Law Section 50 et seq., was held on October 9, 2015.

11.     More than 30 days have elapsed and Defendants have failed, neglected, and/or refused to pay or adjust such claims.

## JURY DEMAND

12.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

13.     Plaintiff is a citizen of the United States and is a resident of the County of Nassau, State of New York, and at all times relevant to the allegations of this complaint did so reside.

14.     Defendant COUNTY OF NASSAU (the "County") is a duly constituted municipal entity created and authorized under the laws of the State of New York.  The County is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement, and for which it is ultimately responsible.  The County assumes the risks incidental to the maintenance of a police force and the employment of police officers. At all relevant times, the County acted through its agency, the NASSAU COUNTY POLICE DEPARTMENT    (the "NCPD"), to commit the acts alleged in this Complaint and was responsible for such acts.

15.     Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE (the "Nassau DA") is a duly constituted office and/or agency of the County, acting within its official capacities.

16.     Defendant ROCKVILLE CENTRE POLICE DEPARTMENT which acts as an agent in the area of law enforcement, acted as an agent of the Defendant County and/or the NCPD.

17.     Defendant ELMONT POLICE DEPARTMENT, which acts as an agent in the area of law enforcement, acted as an agent of the Defendant County and/or the NCPD.

18.     Defendant Police Officer JASON C. VINBERG ("P.O. Vinberg") is or was at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

19.     Defendant Police Officer SEARGEANT KATHLEEN A. VEDDER ("Sgt. Vedder"), is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within her official capacities.

20.     Defendant DETECTIVE MENZIES ("Det. Menzies"), whose first name is unknown, is or was, at all times relevant to this complaint, a police officer employed by the NCPD and/or the Elmot Police Department, acting within his official capacities.

21.     Defendant Police Officer SERGEANT ROBERT CONKLIN ("Sgt. Conklin"), is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

22.     Defendant Police Officer SCIBIO ("P.O. Scibio"), whose first name is unknown, is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

23.     POLICE OFFICER "JOHN DOES" 1-10 (the "John Doe Defendants"), were at all times herein mentioned police officers, in their individual and official capacities, employed by NASSAU COUNTY under the direction of Defendant NCPD, and were acting in furtherance

of the scope of their employment, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County. These John Doe Defendants include individuals who assisted, and/or conspired to and/or acted in concert with, and/or did engage in the violations of Plaintiff's rights described herein, and/or who failed to protect Plaintiff from violations of his constitutional rights. During all times mentioned in this Complaint, Defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York, the County, and/or the NCPD.

24.     During all times mentioned in this Complaint, Defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights and privileges and immunities of Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in during the course of protecting persons and property or ensuring civil order.

25.     Each of the Defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the unnecessary subjection of harm and denial of basic rights of Plaintiff.

## STATEMENT OF FACTS

26.    Plaintiff, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

27.    On March 9, 2014, while lawfully at a McDonald's restaurant in Oceanside New York located at 31-35 Atlantic Ave, Plaintiff was wrongfully handcuffed, detained, restrained, and taken into custody, all based on an unconstitutional search of himself, his passengers, and his vehicle at the time.

28.    In conducting the unlawful search and detention of Plaintiff, Defendant P.O. Vinberg had no probable cause or even reasonable suspicion to search and detain Plaintiff.

29.    Defendant Police Officers in the course of their unconstitutional search and detention of Plaintiff, found Plaintiff to be in possession of several credit cards not in his name. The police placed Plaintiff in custody with handcuffs and took the credit cards at that time while they searched Plaintiff's vehicle for approximately thirty minutes.

30.    Thereafter on March 17, 2014, the same P.O. Vinberg and Detective Menzies, based on the unlawful search of Plaintiff on March 9, 2014, obtained a supporting deposition from the alleged owner of two of the credit cards (that had been unlawfully obtained from Plaintiff), and with the intent to charge Plaintiff with having unlawful possession of the cards, arrested Plaintiff at his place of work.

31.    Plaintiff was charged with violating New York Penal Law § 165.45(2) (Criminal Possession of Stolen Property), then pled not guilty, and was released on bail.

32.    As a result of his arrest and incarceration, Plaintiff has suffered from sleeplessness, headaches, anxiety, insomnia, and other related emotional distress and suffering.

33.     Plaintiff's emotional distress was further exacerbated by the prolonged malicious prosecution and also continued harassment by NCPD officers that spans throughout the current time period (as recently as December 18, 2015).  This pattern of harassment has consisted of multiple police stops of Plaintiff including stops on or about October 30, 2015, November 25, 2015, and December 18, 2015.

34.     During the stop and search on or about October 30, 2015, Plaintiff was lawfully driving in Rockville Centre on Clinton Avenue two blocks south of the train station and was pulled over by Police Officer Scibio and one of the passengers in Plaintiff's vehicle was issued a ticket for not wearing a seatbelt.  Plaintiff's vehicle and trunk were illegally searched without probable cause to believe they contained any contraband or the fruits of any crime, and Plaintiff was allowed to leave after approximately 30 minutes.

35.     During the stop and search on or about November 25, 2015, Plaintiff was lawfully parked in his vehicle in Rockville Centre along with several passengers when the vehicle was unlawfully searched by several unidentified officers and Plaintiff was detained and threatened with arrest for videotaping the encounter with the officers (though Plaintiff was not arrested) after the officers claimed the stop was based on the smell of marijuana from the vehicle.

36.     During the stop on or about December 18, 2015, Plaintiff was lawfully parked in his vehicle in Rockville Centre with several passengers when he was again unlawfully detained and questioned by several unidentified police officers who alleged that the stop and search was based solely on the fact (and as a pretext) that Plaintiff's vehicle still had a dealer license plate frame.  Again, Plaintiff was released and not charged.

37.     At all relevant times herein, the aforementioned arrest and detention of Plaintiff was without probable cause.

8

38.     Defendant, the Nassau DA unlawfully, maliciously, negligently, intentionally, and/or willfully prosecuted Plaintiff without probable cause, or privilege.

39.     On or about February 5, 2015, the Nassau DA dismissed the charges against Plaintiff.

40.     The individual Defendants' acts and omissions described above were intentional, wanton, willful, and malicious, and were performed in violation of and with deliberate indifference to, and/or in reckless disregard, of Plaintiffs' rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

41.     As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

> a. psychological and emotional injury, past and future;
>
> b. degradation, humiliation, mental anguish, suffering and embarrassment;
>
> c. economic damages, including but not limited to the expending of money to obtain counsel to defend against the malicious prosecution;
>
> d. loss of earnings;
>
> e. loss of, and damage to, his reputation;
>
> f. deprivation of liberty; and
>
> g. other injuries not yet fully ascertained.

### FIRST CAUSE OF ACTION
### (Constitutional Violations - 42 U.S.C. § 1983)

42.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

43.     Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving

Plaintiff of his rights, privileges, and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

      a. freedom of assembly;

      b. freedom of association;

      c. freedom from unreasonable seizure of his person;

      d. freedom from arrest without probable cause;

      e. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;

      f. freedom from abuse of process;

      g. freedom from deprivation of liberty without due process of law; and

      h. equal protection, privileges and immunities under the laws.

44. As a direct and proximate result of Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the damages alleged herein.

## SECOND CAUSE OF ACTION
**(Failure to Intervene - Fourth Amendment - 42 U.S.C. § 1983)**

45. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

46. At the time of the incidents in question in this lawsuit, members of the NCPD had an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians, and to intervene where they observed another member of the NCPD engaging in an unconstitutional search of a civilian, or falsely arresting a civilian.

47. Various Defendant Police Officers were present on the night of March 9, 2014, on or near the McDonald's restaurant located at 31-35 Atlantic Ave, Oceanside, State of New York,

County of Nassau, and witnessed the previously alleged wrongful actions by Defendants, all of which violated Plaintiff's constitutional rights.

48.     Defendant Police Officers' search and detention of Plaintiff were unconstitutional under the circumstances yet Defendants failed to take any action or make any effort to intervene, halt, or protect Plaintiff from the violation of his constitutional rights.

49.     In addition, the subsequent arrest of Plaintiff on March 17, 2014, was therefore clearly without probable cause or other legal justification, yet Defendant Police Officers failed to take any action or make any effort to intervene, halt, or protect Plaintiff from being unlawfully and wrongfully arrested.

50.     Defendants' violation of Plaintiff's constitutional rights by failing to intervene in Defendant Police officer's clearly unconstitutional arrest of Plaintiff resulted in the injuries and damages set forth above.

### THIRD CAUSE OF ACTION
### (Individual Supervisory Liability - 42 U.S.C. § 1983)

51.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

52.     Individual Defendants Sgt. Vedder, Sgt. Conklin, P.O. Scibio, Det. Menzies, and the John Doe Defendants were, at all relevant times, supervisory personnel in the NCPD, with oversight responsibility for the training, instruction and supervision of the named and unnamed individual police officer Defendants who deprived Plaintiff of his constitutional rights.

53.     The individual supervisory Defendants knew or should have known that the named and unnamed individual Police Officer Defendants failed to intervene in the clearly unlawful arrest of Plaintiff, and in their deprivation of Plaintiff's rights.

54.     Defendants Sgt. Vedder, Sgt. Conklin, P.O. Scibio, Det. Menzies, and the John

11

Doe Defendants, as supervisory officers of the NCPD, failed to supervise NCPD officers regarding lawful techniques.

55. The individual supervisor Defendants knew or should have known that the named and/or unnamed individual Police Officer Defendants were conducting an unreasonable, unlawful and false arrest of Plaintiff, depriving him of due process of law.

56. On information and belief, the individual supervisor Police Officer Defendants were personally involved in either ordering, or failing to take preventative and remedial measures to guard against Plaintiff's constitutional deprivations. The supervisory Defendants knew, or in the exercise of due diligence, should have known, that the actions taken against Plaintiff by the named and unnamed individual Police Officer Defendants was likely to occur.

57. The failure of the individual supervisor Defendants to train, supervise and/or discipline the named and unnamed individual Police Officer Defendants with respect to the constitutional rights of civilians amounted to gross negligence, deliberate indifference or intentional misconduct, which directly and proximately caused the injuries and damages to Plaintiff set forth herein.

## FOURTH CAUSE OF ACTION
### (*Monell* Claim - 42 U.S.C. § 1983)

58. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

59. All of the acts and omissions by the named and unnamed individual Police Officer Defendants described above, with regard to the unreasonable and unlawful seizure and false arrest of Plaintiff, were carried out pursuant to overlapping policies and practices of the County which were in existence at the time of the conduct alleged herein and were engaged in

with the full knowledge, consent, and cooperation and under the supervisory authority of Defendant County and its agency, the NCPD.

60. Defendant Nassau County and the NCPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual Police Officer Defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

61. The actions of the individual Police Officer Defendants resulted from and were taken pursuant to the *de facto* policies and/or well-settled and widespread customs and practices of the County, which are implemented by members of the NCPD. The relevant policies, customs and practices with regard to the unconstitutional search and detention of Plaintiff are that NCPD police officers are permitted to arbitrarily search vehicles for drugs and exert unlawful control over civilians, even when there are no exigent circumstances or an emergency.

62. These individuals also are encouraged by their supervisors, when they use such unconstitutional searches in circumstances such as those giving rise to this matter. Said behavior has been exhibited many times and is an unwritten policy of the NCPD implemented, accepted, and/or tolerated by the supervisors and the Nassau County District Attorney's Office in spite of claims of policies prohibiting such actions.

63. The NCPD, with the knowledge, approval, and encouragement of the head of the NCPD, fails to properly train and supervise officers concerning the Constitutional rights of civilians to be free from false arrest, false imprisonment, and malicious prosecution.

64. The existence of the foregoing unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged, and/or condoned by supervisory and policy-making officers and officials of the NCPD and Nassau County.

65.     Despite knowledge of such unlawful *de facto* policies, practices, and/or customs, these supervisory and policy-making officers and officials of the NCPD and Nassau County, have not taken steps to terminate these policies, practices, and/or customs, and do not properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to, and/or reckless disregard of the effect of said policies, practices, and/or customs upon the constitutional rights of persons in Nassau County.

66.     The aforementioned County policies, practices, and/or customs of failing to supervise, train, instruct, and discipline police officers within the NCPD are evidenced by the NCPD police misconduct detailed herein.

67.     Plaintiff's injuries were a direct and proximate result of the Defendant County's and its agency's, the NCPD's, and the Nassau County District Attorney's Office's wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Defendant County, Nassau County District Attorney's Office, and the NCPD to properly supervise and train police officers with regard to constitutional liberties and lawful police conduct.

68.     Defendant County knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11, and 12 of the Constitution of the State of New York.

69.     Defendant NASSAU COUNTY is directly liable and responsible for the acts of the individual Police Officer Defendants because it repeatedly and knowingly failed to properly supervise, train, and instruct them to require compliance with the constitutions and laws of the

State of New York and the United States.

## FIFTH CAUSE OF ACTION
### (New York State Constitutional Violations)

70.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71.     Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights of:

     a. freedom of assembly;

     b. freedom of association;

     c. freedom from unreasonable seizure of his person;

     d. freedom from arrest without probable cause;

     e.  freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;

     f. freedom from abuse of process;

     g. freedom from deprivation of liberty without due process of law; and

     h. equal protection, privileges and immunities under the laws.

72.     Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth herein.

## SIXTH CAUSE OF ACTION
### (False Arrest)

73.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

74.     Acting under color of law, Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal

justification.

75.     The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
### (False Imprisonment)

76.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77.     Acting under color of law, the individual Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion, or other legal justification.

78.     For all of the relevant time, Plaintiff was conscious of his confinement, and at all relevant times, Plaintiff did not consent to his confinement.

79.     Plaintiff was falsely imprisoned for approximately 36 hours.

80.     The individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

81.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

82.     Defendants by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

83.     Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

84.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

85.     The individual Defendants, by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## TENTH CAUSE OF ACTION
### (Negligence of the Individual Defendants)

86.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87.     The individual Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a. failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances; and/or

b. carelessly and recklessly seized and detained Plaintiff without a warrant or probable cause; and/or

c. carelessly and recklessly failed to intervene in the unlawful actions taken against Plaintiff resulting in his injury, unlawful arrest, detention and prosecution.

88.     The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

## ELEVENTH CAUSE OF ACTION
### (*Respondeat Superior* Against Nassau County)

89.     Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs if fully set forth herein.

90.     Defendant Nassau County is liable for the actions of the individual Defendants under the doctrine of *respondeat superior* because they were acting within the scope of their duties as employees.

## TWELFTH CAUSE OF ACTION
### (Malicious Prosecution)

91.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

92.     The actions of Defendants herein, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

93.     A judicial proceeding was commenced and prosecuted against Plaintiff.

94.     This was done by or at the instance of Defendants.

95.     This was done without probable cause.

96.     This was done with malice.

97.     The judicial proceeding, maintained by a malicious prosecution, terminated in favor of Plaintiff.

98.     Plaintiff was injured by having to go through this judicial proceeding.

99.     During the pendency of this criminal matter, Plaintiff made multiple court appearances of various lengths.

100.     Plaintiff suffered interference with his person or property as a result of this proceeding.

101.     As a direct and proximate result of Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation,

mental anguish, suffering and embarrassment; loss of earnings; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

(a) a declaration that Defendants violated Plaintiff's federal and state civil rights;

(d) compensatory damages for the injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial in an amount not less than $150,000;

(c) punitive damages against the individual Defendants assessed to deter such intentional and reckless deviations from well-settled constitutional standards, to the extent allowable by law;

(d) reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(e) such other and further relief as appears just and proper.

Dated: Mineola, New York
　　　January 7, 2016

RAISER & KENNIFF, P.C.

E. Gordon Haesloop, Esq.
300 Old Country Road, Suite 351
Mineola, NY 11501
(516) 742-7600

*Attorneys For Plaintiff*

# V E R I F I C A T I O N

STATE OF NEW YORK     )
                                  ) ss.:

COUNTY OF NASSAU     )

        ADAM FAHLUND, being sworn, deposes and says:

        I am the Plaintiff in the action herein.

        I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                     ADAM FAHLUND

Sworn to before me this
_____ day of January 2016

_____
Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20 18