FILED
CLERK
4:12 pm, Jul 14, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ADAM FAHLUND,

                      Plaintiff,

  -against-

NASSAU COUNTY, THE NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE, THE
NASSAU COUNTY POLICE DEPARTMENT,
THE ROCKVILLE CENTRE POLICE
DEPARTMENT, THE ELMONT POLICE
DEPARTMENT, POLICE OFFICER JASON C.
VINBERG, SERGEANT KATHLEEN A.
VEDDER, SERGEANT ROBERT CONKLIN,
POLICE OFFICER SCIBIO, DETECTIVE
MENZIES, POLICE OFFICER JOHN DOE
NUMBERS 1–10, *unknown and intended to be
named later Nassau County Police Officers
involved in the occurrences herein, individually
and in their respective capacities as members of the
Nassau County Police Department*,

                      Defendant(s).
----------------------------------------------------------------x

**MEMORANDUM OF
DECISION AND ORDER**
16-cv-391 (ADS)(AYS)

**APPEARANCES:**

**Raiser & Kenniff, P.C.**
*Attorneys for the Plaintiff*
300 Old Country Road
Suite 351
Mineola, NY 11501
      By:    E. Gordon Haesloop, Esq.,
               James M. Ingoglia, Esq., Of Counsel

**Nassau County Attorney's Office**
*Attorneys for the Defendants Nassau County, the Nassau County District Attorney's Office, the Nassau County Police Department, Police Officer Jason C. Vinberg, Sergeant Kathleen A. Vedder, Sergeant Robert Conklin*
One West Street
Mineola, NY 11501
      By:    John Joseph Hanley, Deputy County Attorney

1

**Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler**
*Attorneys for the Defendants the Rockville Centre Police Department*
6851 Jericho Turnpike, Suite 250
Syosset, NY 11791
      By:    Rebecca Jean Moulton, Esq.,
             Kathleen S. Commander, Esq., Of Counsel

**<u>NO APPEARANCES:</u>**

**The Elmont Police Department, Police Officer Scibio, Detective Menzies**
*The Defendants*

**SPATT, District Judge**:

This action was brought by the Plaintiff Adam Fahlund (the "Plaintiff") against the Defendants Nassau County (the "County"), the Nassau County District Attorney's Office (the "NCDA"), the Nassau County Police Department (the "NCPD"), the Rockville Centre Police Department (the "RCPD"), the Elmont Police Department (the "EPD"), Police Officer Jason C. Vinberg ("Officer Vinberg"), Sergeant Kathleen A. Vedder ("Sergeant Vedder"), Sergeant Robert Conklin ("Sergeant Conklin"), Police Officer Joseph Scibio ("Officer Scibio"), Detective Richard D. Menzies ("Detective Menzies"), and Police Officer John Doe Numbers 1-10, alleging that they, *inter alia*, falsely arrested and imprisoned him in violation of 42 U.S.C. § 1983 ("Section 1983").

Presently before the Court is a motion by the Plaintiff to amend his complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 15 to substitute five individual named police officers—Police Officer Matthew J. Landman ("Officer Landman"), Police Officer John Siraco, Jr. ("Officer Siraco"), Police Officer Dominic Scicutella ("Officer Scicutella"), Police Officer Coppola ("Officer Coppola"), and Police Officer Vega ("Officer Vega") (collectively, the "proposed substitute defendants")—for the John Doe placeholders. For the following reasons, the Plaintiff's motion is granted in part and denied in part.

# I. BACKGROUND

## A. The Alleged Facts

The following facts are drawn from the Plaintiff's proposed first amended complaint (the "FAC"). The Plaintiff did not add any additional facts to his FAC; he only substituted the names of several officers for John Doe Officers.

On March 9, 2014, the Plaintiff was handcuffed and searched. Although the FAC states that the Plaintiff was at McDonald's at 31-35 Atlantic Avenue in Oceanside, New York, the Plaintiff alleges that his vehicle and the passengers in his vehicle were also searched. The Plaintiff claims that Officer Vinberg did not have probable cause when he searched him. Neither the complaint nor the FAC state which other officers, if any, were present with Officer Vinberg. Nevertheless, it is further alleged that the "officers" who searched the Plaintiff recovered several credit cards not in his name.

On March 17, 2014, Officer Vinberg and Detective Menzies obtained a supporting deposition from the owner of one of the allegedly stolen credit cards, ostensibly swearing that the Plaintiff did not have permission or authority to possess the credit card. The Plaintiff was arrested at his place of work based on the March 9, 2014 crime by Officer Vinberg, Officer Landman, Sergeant Vedder, Sergeant Conklin, Detective Menzies, and Officer Vega. Thereafter, the Plaintiff was charged with violating N.Y. Penal Law § 165.45(2), namely, criminal possession of stolen property in the fourth degree. The Plaintiff plead guilty and was released on bail. The complaint does not state how long the Plaintiff was incarcerated.

On February 5, 2015, all charges against the Plaintiff were dismissed.

On October 30, 2015, while driving in Rockville Centre, the Plaintiff's car was stopped by Officer Scibio. Officer Scibio issued a ticket to one of the passengers in the Plaintiff's car for not

wearing a seatbelt; and searched the Plaintiff's vehicle, including the trunk, allegedly without probable cause.

On November 24, 2015, the Plaintiff's car was searched again, this time by Officers Siraco and Coppola. The officers stated that they smelled marijuana emanating from the car. The Plaintiff claims that he was legally parked in Rockville Centre; that the officers did not have probable cause to search the car; and that he was threatened with arrest when he videotaped the encounter. The Plaintiff was neither arrested nor charged with a crime.

On December 18, 2015, the Plaintiff, who was seated in his parked vehicle, was stopped and questioned by Officer Scicutella, who said that the Plaintiff had "a dealer license plate frame." (FAC ¶ 39). Again, the Plaintiff was neither arrested nor charged with any offense.

**B. The Relevant Procedural History**

On January 25, 2016, the Plaintiff initiated this action by filing a complaint. His complaint enumerated twelve causes of action, including various Section 1983 claims; alleged violations of the New York State constitution; as well as New York State common law claims for false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and malicious prosecution. The Plaintiff seeks compensatory and punitive damages, and attorneys' fees.

On August 4, 2016, the Defendants filed their initial disclosure pursuant to Rule 26(1)(1) which notified the Plaintiff of interested parties. The Defendants notice specifically named Officers Siraco and Scicutella; the paperwork included Officer Coppola's name and shield number.

On December 5, 2016, the Plaintiff filed a letter motion for a pre-motion conference to obtain leave to file a motion to amend his complaint. The Plaintiff attached his proposed first

4

amended complaint as an exhibit to his letter motion. The Court denied the letter motion without prejudice, and directed the Plaintiff to file his motion to amend as a formal motion.

On January 24, 2017, the Plaintiff filed a motion to amend his complaint pursuant to Rule 15. As stated above, the Plaintiff seeks to substitute the names of five individual police officers for John Doe placeholders.

On February 7, 2017, the RCPD filed a memorandum in opposition to the Plaintiff's motion, arguing that several of the state law claims against proposed substitute defendants Officers Siraco, Coppola, Scicutella, and Vega (together with the RCPD, the "Rockville Centre Defendants") are futile. By its silence, the RCPD does not oppose the federal claims against those officers.

The other Defendants did not oppose the Plaintiff's motion.

## II. DISCUSSION

### A. The Legal Standard

FED. R. CIV. P. 15(a)(2) applies to motions to amend the pleadings once the time for amending a pleading as a matter of right has expired. It states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have construed the rule liberally and have said that "the purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12–CV–4849, 2013 WL 6795963, at *2 (E.D.N.Y. Dec. 23, 2013) (quoting *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (finding a "strong preference for resolving disputes on the merits").

A court should deny leave to amend only "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party." *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

"The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 502–03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

Proposed amendments are futile when they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Under the *Bell Atlantic v. Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks and alterations omitted)).

**B. Application to the Facts**

In opposing the Plaintiff's motion to amend, the RCPD relies upon three arguments: 1) the Plaintiff has engaged in undue delay in moving to amend; 2) the Plaintiff's state law claims for false imprisonment, intentional infliction of emotional distress, and malicious prosecution are time-barred and therefore futile; and 3) the Plaintiff failed to follow proper procedure in substituting the named Defendants. The Court will address each of these arguments, as well as the Plaintiff's responses in order.

The Court notes that while the RCPD only opposed the Plaintiff's intentional infliction of emotional distress, false imprisonment, and malicious prosecution claims against Officers Vega, Siraco, Coppola, and Scicutella, the analysis below also applies to the Plaintiff's false arrest claims against the proposed substitute defendants. *See, e.g., Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) ("Although plaintiff purports to assert false arrest and false imprisonment as two independent causes of action, false arrest is considered a kind of false imprisonment, and the claims are analyzed in identical fashion." (citing *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995) (stating that a false arrest claim is a type of false imprisonment claim, and that they are analyzed identically); *Weyant v. Okst,* 101 F.3d 845, 853 (2d Cir. 1996) (further internal citations omitted)).

7

### 1. Whether the Plaintiff Engaged in Undue Delay

Although the Rockville Centre Defendants argue that the Plaintiff has engaged in undue delay, they do not contend that they would be prejudiced by the addition of the proposed substitute defendants; and the Court does not believe that they would be prejudiced. Therefore, the Plaintiff cannot be said to have engaged in undue delay.

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (affirming grant of motion to amend after seven-year delay, where defendant did not show prejudice). "The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

The Plaintiff moved to amend his complaint approximately eleven months after he filed his initial complaint, and before discovery was closed. There were no motions pending when the Plaintiff moved to amend his complaint, and the case had not been marked trial-ready.

Therefore, the Court finds that the Rockville Centre Defendants would not be unduly prejudiced by the proposed amendments. Accordingly, the Court will consider whether the amendments are time-barred and therefore futile.

### 2. Whether the Plaintiff's Claims for False Imprisonment, Intentional Infliction of Emotional Distress, and Malicious Prosecution Against the Proposed Substitute Defendants are time-barred

The RCPD argues that the Plaintiff's false imprisonment, intentional infliction of emotional distress ("IIED"), and malicious prosecution claims against Vega, Siraco, Coppola, and Scicutella are all barred by the statute of limitations. In opposition, the Plaintiff states that the

claims relate back to the filing of the original complaint, and therefore the Court should grant his amendment *nunc pro tunc*. The Court finds that the Plaintiff's claims against Officer Sciutella are not time-barred; that the rest of the claims against the substitute Defendants are time-barred; and that the claims do not relate back under federal or state law.

### a. As to the Malicious Prosecution Claims Against Siraco, Coppola, and Sciutella

As an initial matter, the Plaintiff did not specify which counts were brought against which individual Defendants. That is, it is clear from the face of the FAC that not every individual Defendant can be held liable for, *inter alia*, malicious prosecution, because not every police encounter lead to a criminal prosecution. *See Manganiello v. City of N.Y.,* 612 F.3d 149, 161 (2d Cir. 2010) ("To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.") (internal citations and quotation marks omitted). The Plaintiff states that he was neither arrested nor charged by Officers Siraco, Coppola, and Sciutella. That is, a criminal proceeding was not initiated against the Plaintiff as a result of those officers' interactions with him, and the previous criminal proceeding against him had already concluded. Therefore, the Plaintiff's motion to amend his complaint pursuant to Rule 15 to plead claims for malicious prosecution against Officers Siraco, Coppola, and Sciutella is denied as futile.

### b. As to the IIED and false Imprisonment Claims Against Vega, Siraco, Coppola, and Sciutella and the Malicious Prosecution Claim Against Vega

N.Y. C.P.L.R. 215 states that the statute of limitations is one year for state law claims for false imprisonment, intentional infliction of emotional distress, and malicious prosecution.

9

A claim for malicious prosecution accrues on the date in which "the criminal proceedings in question terminated in [the] plaintiff's favor." *Bailey v. City of N.Y.*, 79 F. Supp. 3d 424, 451 (E.D.N.Y. 2015). A claim for false imprisonment accrues upon the plaintiff's release from confinement. *Allen v. Antal*, 665 F. App'x 9 (2d Cir. 2016); *Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675–76 (2d Cir. 2009). Courts differ on when IIED claims accrue in the context of a criminal prosecution. *See Covington v. City of N.Y.*, 1999 WL 739910, *5 (S.D.N.Y. Sept. 22, 1999) (IIED claim accrued on date of arrest); *cf. Llerando-Phipps v. City of N.Y.*, 390 F. Supp. 2d 372, 384 (S.D.N.Y. 2005) (IIED claim accrued when the criminal charges against the plaintiff were dropped because it was the last "actionable act"). In the Court's view, the Plaintiff's IEED claim against Officer Vega accrued when the criminal charges against him were dismissed because he was allegedly subjected to emotional distress throughout the course of the criminal proceedings. The IIED claims against Officers Siraco, Coppola, and Scicutella accrued when the Plaintiff interacted with them.

Here, the criminal prosecution against the Plaintiff, which stemmed from Officer Vega's interactions with the Plaintiff, was dismissed on February 5, 2015. Officers Siraco and Coppola allegedly stopped and searched the Plaintiff on November 24, 2015, and Officer Scicutella purportedly stopped him on December 18, 2015.

The Plaintiff initiated this action on January 5, 2016, and first moved to include Officers Siraco, Coppola, Scicutella, and Vega in the complaint on December 5, 2016.

Therefore, the Plaintiff's IIED and false imprisonment claims against Officer Scicutella are not time-barred. The statute of limitations for those claims would have expired on December 18, 2016. While the Plaintiff formally moved to amend his complaint on January 24, 2017, he

moved for leave to file an amended complaint on December 5, 2016, and included the FAC in that motion. (*See* ECF No. 19).

However, the malicious prosecution claim against Officer Vega; and the IIED and false imprisonment claims against Vega, Coppola, and Siraco would normally be time-barred. The statute of limitations on the claims against Officer Vega expired on February 5, 2016; and the claims against Officers Siraco and Coppola expired on November 24, 2016.

The Plaintiff contends that the Court should allow the amendment nevertheless because his claims relate back to the original complaint.

### i. As to Whether the Claims Against Officers Vega, Copola, and Siraco that Would Otherwise Be Time-Barred Relate Back to the Initial Complaint

The RCPD contends that the Plaintiff cannot avail himself of either the federal or state procedural mechanisms for relation back, because he failed to exercise due diligence. The Plaintiff argues, in effect, that he did exercise reasonable diligence. The Court finds that the Plaintiff cannot avail himself of either Rule 15(c)(1) or N.Y. C.P.L.R. 1024 because he did not exercise due diligence in attempting to ascertain the names of the John Doe officers before the expiration of the statute of limitations.

"Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). An amended complaint that adds a new party must meet the following criteria to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint . . . .

*Id.* (internal citations, quotation marks, and alterations omitted). However, the Second Circuit has said that "that the lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity," *id.* at 518 (internal citations and quotation marks omitted), and there is no evidence that the additional officers received notice of their involvement within 90 days.

Nevertheless, the Second Circuit has said that Rule 15 "does not apply to preclude any relation back that may be permitted under the applicable limitations law." *Id.*; *see also* FED. R. CIV. P. 15(c)(1)(A) (stating that "[a]n amendment . . . relates back . . . when the law that provides the applicable statute of limitations allows relation back"). "Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations." *Hogan*, 738 F.3d at 518.

Here, the applicable limitations law is Section 1024 of the New York C.P.L.R., which states:
> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.

Under Section 1024 of the N.Y. C.P.L.R., a court may allow a plaintiff to substitute a named party for a John Doe party if the plaintiff meets two requirements: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,'" and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" *Hogan*, 738 F.3d at 518–19 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (N.Y. 2009)). A plaintiff must then "ascertain the identity of unknown 'Jane Doe' parties, and . . . serve process upon them, within 120 days from filing." *Bumpus*, 66 A.D.3d at 31, 883 N.Y.S.2d at 105; see also *JCG v. Ercole,* No. 11–CV6844, 2014

WL 1630815, at * 13 (S.D.N.Y. Apr. 24, 2014) ("If a plaintiff fulfills these conditions, he 'must then ascertain the identity of unknown [John] Doe parties, and . . . serve process upon them, within 120 days from filing [the original complaint].'" (alterations in original) (quoting *Williams v. United States,* No. 07–CV–3018, 2010 WL 963474, at * 12 (S.D.N.Y. Feb. 25, 2010)));. The 120-day deadline imposed by C.P.L.R. 305-b may be extended "upon good cause shown or in the interest of justice." N.Y. C.P.L.R. 305-b.

"To identify unknown parties after filing, a plaintiff is advised to serve discovery demands upon any known parties, seek disclosures pursuant to a Freedom of Information Law ("FOIL") request, or otherwise act with diligence." *Williams*, 2010 WL 963474, at *12 (citing *Bumpus,* 66 A.D.3d at 33–34, 883 N .Y.S.2d at 107).

Here, the Plaintiff has not furnished any evidence to the Court that he attempted to discern the names of individual officers before the statute of limitations had run with regard to the claims against Vega, Coppola, or Siraco. There is no evidence that the Plaintiff filed FOIL or FOIA requests, served letters, or made any type of demands before or after filing the complaint. By Plaintiff's counsel's own admission, "it was determined [on June 23, 2016] that Plaintiff needed additional discovery in order to name the correct parties." (Pl.'s Ex. 2, Decl. of James M. Ingoglia ¶ 5). That is, the Plaintiff has not introduced any evidence of due diligence prior to the June 23, 2016 conference—and it was at the conference that Plaintiff's counsel "discovered" that he did not have sufficient evidence to name the correct parties.

Furthermore, it is clear that counsel for the Plaintiff did not engage in due diligence after August 4, 2016, when the names of the individual Police Officers were provided to him. (*See* Pl.'s Ex. 2, Decl. of James M. Ingoglia ¶ 8 (Counsel for Plaintiff states that the names of the individual officers were supplied in the Defendants' Phase I disclosures, which were completed on August 4,

13

2016)). The Plaintiff did not move to amend his complaint until 123 days after the names of the individual officers were revealed to him, and 315 days after the Plaintiff filed his initial complaint.

The Plaintiff cannot avail himself of the benefits of § 1024 where it is clear that he had Officers Siraco and Coppola's names before the statute of limitations had run; and where he made no effort to ascertain Vega's name before the statute of limitations expired. *JCG*, 2014 WL 1630815, at *14 ("In that time, he could have served discovery demands upon the known parties, sought disclosures pursuant to a Freedom of Information Law ("FOIL") request, or written letters to the Attorney General's Office.") (internal citations omitted); *cf. Hogan,* 738 F.3d at 519 (plaintiff met first requirement under § 1024 in that he "diligently sought to identify the 'John Doe defendants' by submitting "multiple discovery requests to the Attorney General's office"); *Mabry v. N.Y.C. Dep't. of Corr.,* No. 05 Civ. 8133(JSR)(JCF), 2008 WL 619003, at *6 (S.D.N.Y. March 7, 2008) (allowing relation-back under § 1024 where plaintiff "aggressively sought the identities of the defendants").

"Here, Defendants provided Plaintiff with the names of the officers involved in Plaintiff's arrest prior to the expiration of the statute of limitations and close of discovery, yet Plaintiff did not attempt to amend the Complaint to add any individual officers prior to the expiration of the statute of limitations." *Strada v. City of N.Y.*, No. 11-CV-5735 MKB, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014).

While this may be a harsh result, it is mandated by the case law interpreting N.Y. C.P.L.R. §1024. *See Gonzalez v. City of N.Y.*, No. 14 CIV. 7721 LGS, 2015 WL 6873451, at *3 (S.D.N.Y. Nov. 9, 2015) ("Where, as here, nothing in the record indicates that Plaintiff exercised due diligence before the statute of limitations expired, she may not use the "John Doe" procedure in § 1024." (citing *Temple v. N.Y. Cmty. Hosp. of Brooklyn,* 89 A.D.3d 926, 933 N.Y.S.2d 321, 322

(N.Y. App. Div. 2011) ("To make use of the 'John Doe' procedure delineated in C.P.L.R. 1024, parties must demonstrate that they have exercised due diligence . . . .")));  *Vasconcellos v. City of N.Y.,* No. 12 Civ. 8445, 2014 WL 4961441, at *9 (S.D.N.Y. Oct.2, 2014) ("[I]n order to invoke C.P.L.R. § 1024's benefits, [plaintiff] must first show that she 'exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant[s] by name.'") (further internal citations omitted));

"The use of C.P.L.R. 1024 presents many pitfalls. One pitfall is that parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, *are unable to do so.*" *Bumpus,* 883 N.Y.S.2d at 104 (emphasis added). The Plaintiff did not exercise due diligence prior to the running of the statute of limitations, and has thus fallen into one of the pitfalls of Section 1024.

Finally, while not raised by either party, the Court notes that the Plaintiff cannot avail himself of the general relation-back statute of the N.Y. C.P.L.R., Section 203, because it "closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." *Cruz v. City of N.Y.*, -- F. Supp. 3d --, No. 15 CIV. 2265 (PAE), 2017 WL 544588, at *5 (S.D.N.Y. Feb. 8, 2017) (quoting *Vasconcellos,* 2014 WL 4961441, at *8). As lack of knowledge of a party's name is not an excusable mistake under FED. R. CIV. P. 15(c)(1)(C), it is not an excuse under N.Y. C.P.L.R. § 203 either, and the Plaintiff cannot avail himself of the "state's corollary" to Rule 15(c)(1)(C). *Id.* (internal citation omitted).

Therefore, the Plaintiff's claims against Officers Vega, Coppola, and Siraco do not relate back under Rule 15(c)(1) or N.Y. C.P.L.R. § 1024. Accordingly, the Plaintiff's motion to amend

his complaint pursuant to Rule 15 to substitute Officers Vega, Coppola, and Siraco for John Doe Defendants is denied.

### III. CONCLUSION

Although the RCPD did not oppose the substitution of Officer Landman, the Court finds that the Plaintiff's claims for false imprisonment, IIED, and malicious prosecution are also time-barred and cannot relate back. Officer Landman's actions were intertwined with those of Officer Vega; and occurred on the same date(s). Therefore, the Plaintiff's motion to amend his complaint pursuant to Rule 15 to add claims for false imprisonment, IIED, and malicious prosecution against Officer Landman is denied as futile.

Furthermore, the Plaintiff's Section 1983, New York State constitutional violation, negligent infliction of emotional distress, and negligence claims against the proposed substitute defendants are not time-barred because the statute of limitations for each of those causes of action is three years. *See Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir. 1994) (stating that the statute of limitations for a Section 1983 action in New York is three years); *Banker v. Cty. of Livingston*, 782 F. Supp. 2d 39, 50 (W.D.N.Y. 2011) ("[I]t is undisputed that the . . . limitations period for the NIED claim is three years."); *Christine Falls Corp. v. U.S. Bank Nat. Ass'n*, 546 F. App'x 13, 16 (2d Cir. 2013) ("A three year statute of limitations applies to . . . negligence claims . . . ." (citing N.Y. C.P.L.R. § 214(4))). Therefore, those claims are not futile.

Accordingly, for the reasons stated above, the Plaintiff's motion to amend his complaint pursuant to Rule 15 is granted in part, and denied in part. It is granted to the extent that Officers Landman, Vega, Coppola, Siraco, and Scicutella are substituted as named Defendants for the previous John Doe defendants; the Plaintiff's Section 1983 claims, New York State constitutional violation claims, negligent infliction of emotional distress, and negligence may proceed against all

of them; and the Plaintiff's claims for false arrest, false imprisonment, and IIED may proceed against Officer Scicutella.

It is denied to the extent that the Plaintiff's claims for false imprisonment, false arrest, IIED, and malicious prosecution against Officers Landman, Vega, Coppola and Siraco may not proceed because they are time-barred; and his malicious prosecution claim against Officer Scicutella may not proceed because the Plaintiff failed to state a claim upon which relief can be granted. The official case caption is to be amended as follows:

```
-----------------------------------------------------------------x
```
ADAM FAHLUND,

                    Plaintiff,

    -against-

NASSAU COUNTY, THE NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, THE NASSAU COUNTY POLICE DEPARTMENT, THE ROCKVILLE CENTER POLICE DEPARTMENT, THE ELMONT POLICE DEPARTMENT, POLICE OFFICER JASON C. VINBERG, SERGEANT KATHLEEN A. VEDDER, SERGEANT ROBERT CONKLIN, POLICE OFFICER SCIBIO, DETECTIVE MENZIES, POLICE OFFICER MATTHEW J. LANDMAN, POLICE OFFICER JOHN SIRACO, JR., POLICE OFFICER DOMINIC SCICUTELLA, POLICE OFFICER COPPOLA, POLICE OFFICER VEGA, POLICE OFFICER JOHN DOE NUMBERS 1–7, *unknown and intended to be named later Nassau County Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the Nassau County Police Department, or Rockville Centre Police Department,*

                    Defendant(s).
```
-----------------------------------------------------------------x
```

This case is respectfully referred to United States Magistrate Judge Anne Y. Shields for the remainder of discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

July 14, 2017

　　　　　　　　　　　　　　　　　　　　*/s/ Arthur D. Spatt*

　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT

　　　　　　　　　　　　　　　　　　　　United States District Judge